UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Max Reed II,

                    Plaintiffs

v.

Tyquan Brown, et. al.,

                    Defendants

Case No. 2:23-cv-00331-CDS-BNW

**Notice Regarding Intent to
Dismiss Under Local Rule 41-1**

Plaintiff Max Reed initiated this civil-right action in March 2023. Compl., ECF No. 1-1. The case progressed to summary judgment, and on January 23, 2025, I granted defendants Tyquan Brown and Grace Moran's motion for summary judgment and denied Reed's cross-motion for summary judgment. Order, ECF No. 32. A month later, Reed filed a motion requesting the status of those motions. Mot. for status, ECF No. 33. Since the filing of that motion in February 2025, more than a year has passed without any further activity on the docket.

This district's Local Rules provide for dismissal of an action for want of prosecution:

> All civil actions that have been pending in this Court for more than 270 days without any proceeding of record having been taken may, after notice, be dismissed for want of prosecution by the court sua sponte or on the motion of an attorney or pro se party.

LR 41-1. This provision aims to encourage the efficient litigation of cases and to not let them languish on the docket. Further, it is within the inherent power and discretion of the court to sua sponte dismiss a civil case for lack of prosecution. Fed. R. Civ. P. 41(b); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). A plaintiff must prosecute his case with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976);

see also *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991) (failure to prosecute must be unreasonable in order to support dismissal).

Here, it appears that Reed has failed to prosecute this action with reasonable diligence, as the case has remained dormant for well over a year. Thus, notice is hereby given of the court's intent to dismiss this action for inactivity under Local Rule 41-1. Reed is cautioned that continued failure to prosecute constitutes grounds for imposing appropriate sanctions, specifically, the dismissal of this action under Fed. R. Civ. P. 41(b) and LR 41-1. If a proposed joint pretrial order is not filed by April 3, 2026, the court will dismiss this action without prejudice and without further notice.

Dated: March 5, 2026

_____
Cristina D. Silva
United States District Judge

2